IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MICHAEL T. SCOTT, JR., #311-542
   Plaintiff
  v.          \*   CIVIL ACTION NO. RDB-13-2279

KEN KODAMA
   Defendant.
        \*\*\*\*\*

## MEMORANDUM OPINION

Before the Court is a civil rights Complaint filed by Michael Scott, a state inmate confined at the Maryland Correctional Training Center ("MCTC"). He contends that in March of 2013, he received an infraction for an "abnormal" urinalysis conducted by defendant who is employed as an analyst/chemist by Pharmatech, a subcontractor for the Maryland Division of Correction. Plaintiff seemingly complains that his due process rights were violated as: (1) the urinalysis was not conducted in compliance with federal agency (Department of Transportation or "DOT") regulations and guidelines; (2) the laboratory where his urine testing occurred was not certified by the "HHS" under the National Laboratory Certificate Program; and (3) the urine test was conducted without adopting proper criteria, qualifications or validity testing. He seeks declaratory, injunctive, and monetary relief. (ECF No. 1). The Complaint was not accompanied by the civil filing fee or an indigency application. Plaintiff shall not, however, be required to cure this deficiency as the Complaint shall be summarily dismissed.

The Court observes that Plaintiff has, for all intents and purposes, re-filed an earlier case he submitted against Defendant Kodama, which was previously dismissed. On June 17, 2013, Plaintiff filed *Scott v. Kodama*, Civil Action No. RDB-13-1752 (D. Md.), raising similar claims against the

Defendant. Scott claimed that his "right to due process was violated when Pharmatech, etc was in serious noncompliance of the 'Federal DOT guidelines'" for urinalysis testing, thereby causing him to lose good conduct credits. (ECF No. 1 at p. 4). On July 22, 2013, that Complaint was dismissed for the failure to state a claim. (*Id.* at ECF No. 3). The Court noted that there was no factual predicate to suggest that Ken Kodama was amenable to suit under 42 U.S.C. § 1983 or legal predicate to establish that the allegations in the Complaint constituted "a violation of a right secured by the Constitution or laws of the United States."

Plaintiff does not specify how Defendant failed to comply with agency guidelines and federal regulations and how this deficiency violated his due process rights. Further, there is no allegation that any of the due process protections required under *Wolff* v. McDonnell, 418 U.S. 539 (1974) were violated.[1] Even assuming, arguendo, the Plaintiff has demonstrated that Defendant is a state actor subject to 42 U.S.C. § 1983 liability, there is no showing of a due process violation. Further, the

---

[1] Although inmates do retain rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of Good Conduct Time, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U. S. at 564-571. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U. S. 308, 322-23 (1976); *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 323 n.5.

2

alleged failure of a state actor to follow federal agency regulations does not, in and of itself, violate due process.[2] A separate order consistent with this Memorandum Opinion follows.

9/30/2013
Date

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[2] The Court has examined Plaintiff's claims and finds that he has failed to show that regulations, required by the U.S. Constitution, were violated. *See United States v. Caceres*, 440 U.S. 741, 749 (1979).

3